98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samantha D. REED, Plaintiff-Appellant,
v.
SHELBY COUNTY GOVERNMENT; Chester Jones; Hank Chapman;
Jackqulin Powell; Leroy Chambers, Jr.; Janet Bates; Elton
Peete; Charles Banks; Don Pierce; Houston Williams; Lt.
Elvin Wright; H.L. Hilburn; Mildred Butler; Janice
Wright; Patricia Russell; Robert L. Moore, Defendants-Appellees.
 No. 95-6235.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Samantha D. Reed, a Tennessee citizen, appeals pro se a judgment for the defendants following a bench trial in this sex discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Reed filed this action against the Shelby County Government and several of its individual employees, alleging that she had been subjected to sexual harassment by her co-workers and discriminated against on the basis of her sex by her superiors while she was employed as an officer at the Shelby County Corrections Center. The parties consented to a bench trial before a magistrate judge, with appeal to this court. Following the trial, the magistrate judge issued an opinion in which he concluded that Reed had failed to properly report any of the alleged sexual harassment by her co-workers and that she had not been discriminated against on the basis of her sex by her employer. Judgment was therefore entered for the defendants. A timely appeal was filed, and Reed's motion for pauper status on appeal was granted by a prior order of this court. On appeal, Reed argues that the magistrate judge should have recused himself, that the factual findings and credibility determinations of the magistrate judge are not supported by the evidence, that the magistrate judge erred in addressing the issue of the eventual termination of Reed's employment, and that the defendants failed to submit certain documentary evidence. Reed failed however, to either move for a transcript or provide a transcript for the court's use as required by Fed.R.App.P. 10(b).
 
 
 3
 Without a transcript, this court must accept the factual findings of the magistrate judge as correct. See Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 976 (10th Cir.1991). Moreover, Reed's primary argument is that the magistrate judge erred in finding that she was not subjected to sexual harassment. This is a misconstruction of the findings below. Rather, the magistrate judge concluded that Reed had failed to properly report the alleged harassment. Reed was required to show that her employer knew or should have known of the harassment in order to state a claim. See Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 803-04 (6th Cir.1994).
 
 
 4
 We are also unable to review Reed's claims that the magistrate judge was biased and that the defendants should not have been able to testify regarding certain documentary evidence that was apparently unavailable due to water damage, because Reed has not supplied the transcript to elucidate these arguments. Finally, we note that Reed is correct in her argument that the magistrate judge erred in addressing the issue of the validity of her eventual termination, as that was not an issue in this case. However, because this was not in issue, Reed will not be prejudiced by this error.
 
 
 5
 For all of the above reasons, the judgment for the defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation